UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                     Case No. 15-cr-156-pp

DUJUAN CHERRY,

        Defendant.

**ORDER DENYING MOTION FOR RECONSIDERATION FOR THE REDUCTION OF SENTENCE PURSUANT TO THE NEW FIRST STEP ACT OF 2019 18 U.S.C. § 3582(C)(1)(A) AS WELL AS SECTION 12003 OF THE NEW CARES ACT OF MARCH 26TH, 2020 (DKT. NO. 70) AND DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 71)**

On June 9, 2020, the court received a letter from the defendant, laying out the reasons he believed he was eligible for compassionate release. Dkt. No. 63. The court construed the letter as a motion for compassionate release under the First Step Act, 18 U.S.C. §3582(c)(1)(A). Dkt. No. 69. It obtained input from probation and the government, then denied the defendant's motion. Id. The court first explained to the defendant that it was not authorized under the law to allow him to serve the rest of his sentence on home confinement. Id. at 4-5. It next noted that the defendant had not exhausted his remedies by asking the warden of his institution for compassionate release before asking the court. Id. at 6. Id. at 8. The defendant was, at the time, a twenty-four-year old man who was healthy other than reporting asthma and bronchitis. The court explained the CDC's current views on the relationship between asthma and COVID-19

1

and noted it had no evidence that the defendant's asthma or bronchitis were moderate to severe. Id. at 8-9. The court also noted that there were no active cases of the virus at FCI Pekin, the defendant's institution, at that time. Id. at 10. The defendant had served less than half of his sentence (and less than the mandatory minimum) for a traumatic series of armed robberies of pharmacies. Id.

The defendant now asks the court to reconsider its decision. Dkt. No. 70. He says that since he filed his letter, he has tried to comply with the rules governing compassionate release motions. Id. at 2. He reiterates that he has asthma and bronchitis. Id. at 3. In response to the court's statement in its order that the BOP has no record of the defendant being diagnosed with asthma or bronchitis, the defendant argues that the BOP's medical records are unreliable and that "sometimes it is known that an inmate is safer, if he doesn't go to medical and trys to self treat him or her self." Id. at 5. He says this is why he needs a lawyer—to help him properly develop his medical record. Id. He asserts that the court cannot rely on the BOP's COVID-19 page for accurate information about the status of the virus at his facility, asserting that it has reached the women's facility at Pekin and that staff travel back and forth between the two facilities. Id. He insists that he is in a high-risk category. Id. at 6. The defendant says that the government should "concede" that he has exhausted his remedies. Id. at 14. He alleges that staff at Pekin are not requiring inmates to wear masks, are allowing inmates to congregate in groups of more than ten and are allowing new inmates in all the time; he also says

2

that inmates have not been tested for the virus. Id. at 17. Finally, he emphasizes more than once that COVID-19 was not a risk when the court sentenced him. Id. at 20.

The defendant attached to his motion a letter from the warden of Peking dated July 29, 2020, denying the defendant's request for compassionate release. Dkt. No. 70-1. The court agrees with the defendant that since the time he filed his first motion, he has complied with the exhaustion requirement. And since the defendant filed his first motion, things have changed at FCI Pekin. As of the date of this order, Pekin reports 100 active cases of COVID-19 among inmates and eight among staff, with eighty-two inmates and seventeen staff having recovered. https://www.bop.gov/coronavirus/ (under "Full breakdown and additional details"). So in the five months since the defendant filed his first letter, there has been an outbreak at Pekin (as there has been at many, if not most, BOP facilities).

The court explained in its order denying the petitioner's first motion that the defendant mentioned having asthma to pretrial services in 2015, that he made no mention of asthma or bronchitis to the presentence writer in June 2016 and that probation reported that the BOP had no record of his having been diagnosed with asthma or bronchitis. In fact, when the defendant spoke to the presentence writer in 2016, he reported that he was in good health and not currently under the care of a physician or on any prescribed medications. Dkt. No. 41 at ¶170. And as the court has noted, he is quite young—twenty-four years old.

3

The defendant says that he needs a lawyer to help him obtain medical records, because the BOP's records can't be trusted. The defendant does not say what medical records that lawyer would be able to get. The defendant himself told the probation officer in June 2016 that he was in good health. If the defendant has been in BOP custody and the BOP has no record of his having asthma or bronchitis, it is not clear what other medical records would exist for the past four years that a lawyer could obtain. And as the court has explained, even if the defendant does have asthma, the CDC says that those who have moderate to severe asthma *may* be more at risk for severe illness if infected than others. The same is true for *chronic* bronchitis.

The court agrees with the defendant that COVID-19 was not an issue at the time the court sentenced him in June 2018. The court agrees with him that it most certainly is an issue now, for every incarcerated person. But the defendant has not presented "extraordinary and compelling" reasons for release. This court has granted two compassionate release motions over the past months. Both defendants were of advanced age and had multiple severe health issues—kidney disease, diabetes, heart conditions, high blood pressure. Both had served very significant prison terms of over ten years. And neither had committed violent crimes. The defendant is far better off than those defendants, even with the outbreak at Pekin.

Again, the court does not mean to minimize the defendant's fears. Every inmate the court has heard from has expressed those fears. The fears are completely understandable. But fear of the virus—even fear from people who

4

may have asthma—is not an "extraordinary and compelling reason" justifying compassionate release.

The court **DENIES** the defendant's Motion for Reconsideration for the Reduction of Sentence Pursuant to the New First Step Act of 2018 18 U.S.C. § 3582(c)(1)(A) as Well as Section 12003 of the New Cares Act of March 26, 2020. Dkt. No. 70.

The court **DENIES** the defendant's Motion to Request Counsel. Dkt. No. 71.

Dated in Milwaukee, Wisconsin this 6th day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:15-cr-00156-PP   Filed 11/06/20   Page 5 of 5   Document 73