UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 15-cr-156-pp

DUJUAN CHERRY,

        Defendant.

**ORDER CONSTRUING DEFENDANT'S LETTER AS MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 821 TO SENTENCING GUIDELINES AND DENYING MOTION (DKT. NO. 82)**

        The defendant pled guilty to seven counts of Hobbs Act robbery and one count of knowingly using, carrying and brandishing a firearm during and in relation to a crime of violence (one of the Hobbs Act robberies). Dkt. No. 34. On June 12, 2018, the court sentenced the defendant to serve 72 months (six years) on each of the Hobbs Act robbery charges, to run concurrently with each other, and and 84 months (seven years) on the gun charge; the law required the court to impose the gun charge to run consecutively with the sentence the court imposed on the drug charge. Dkt. Nos. 59, 60.

        On February 26, 2024, the court received a letter from the defendant. Dkt. No. 82. He said that he was a "zero-point offender," and he asked the court to "have the FDO contact [him] with assistance to assist in regards to the new 821 amendment." Id. The court appointed Federal Defender Services of Wisconsin to assist the defendant in determining whether he was eligible for a

1

sentence reduction under Amendment 821 to the U.S. Sentencing Guidelines. Dkt. No. 83. On March 11, 2024, the Federal Defender advised the court that it would not be filing anything on the defendant's behalf. Dkt. No. 85. Accordingly, the court construes the defendant's letter (Dkt. No. 82) as a *pro se* request for a sentence reduction under Amendment 821, and denies that request.

Under the United States Sentencing Guidelines in effect when the court sentenced the defendant (the 2012 edition of the Guidelines Manual), a defendant would receive two (2) additional criminal history points if he committed the offenses of conviction while "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1(d) (2012 edition of the Guidelines Manual). In other words, if the defendant was on some kind of supervision at the time he committed his federal crimes, he would receive two (2) "status points" on top of any other criminal history points he'd accrued.

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect. Parts of that amendment are retroactive. Part A addresses "status points"—those extra criminal history points assessed against someone who committed the instant offense while under a criminal justice sentence (probation, parole, supervised release, imprisonment, work release or escape status). United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, at 240 (2023). The new guideline—which is retroactive—now states that a defendant who has less than seven (7) criminal

history points receives no "status" points. U.S.S.G. §4A1.1(e) (2023 edition of the Guidelines Manual).

This amended guideline does not help the defendant because it allows a sentence reduction only if the court had assessed status points against the defendant at the time of his original sentencing; in this case, the presentence report did not recommend that the court assess the defendant status points, see Dkt. No. 41 at ¶¶145, 146, and the court did not assess status points against him, see Dkt. No. 59 at 5. Because the court did not assess two (2) "status points"—or *any* "status points"—against the defendant, he is not entitled to a two-point (2) reduction in his criminal history category.

Another change brought about by Amendment 821 was the creation of a new guideline—§4C1.1—that allows a court to decrease by two (2) levels the defendant's Chapter Two offense level if he has no criminal history points and meets certain other requirements. Those requirements include not using violence or credible threats of violence during the offense of conviction and not possessing a firearm in connection with the offense. The defendant does not qualify for a reduction under this new guideline, either. Contrary to the defendant's assertion in his letter, he is *not* a zero-point offender. The defendant had one (1) criminal history point from a February 2015 conviction for possession of marijuana. Dkt. No. 41 at ¶¶144-146. More to the point, the defendant was convicted of possessing a firearm in furtherance of one of the Hobbs Act robberies. Because the defendant did not have zero (0) criminal history points and because he possessed a gun during the offense of

conviction, he is not entitled to a two-level (2) reduction in his offense level under new guideline §4C1.1.

The court **CONSTRUES** the plaintiff's letter as a *pro se* motion for a sentence reduction under Amendment 821 to the Sentencing Guidelines and **DENIES** that motion. Dkt. No. 106.

Dated in Milwaukee, Wisconsin this 15th day of April, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:15-cr-00156-PP   Filed 04/15/24   Page 4 of 4   Document 86